United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

| | |
|---|---|
| In Re:<br>Perry Mason Mines dba Luv'em Like Mines Youth Services Inc. and Pamela Michelle Mines dba Luv'em Like Mines Publishing Co.<br>　　　Debtors | BCN#: 16-35600-KRH<br>Chapter: 13 |

Deutsche Bank National Trust Company, as Trustee, in trust for the registered certificate holders of First Franklin Mortgage Loan Trust 2006-FF5, Mortgage Pass-Through Certificates, Series 2006-FF5
or present noteholder,
　　　Movant/Secured Creditor,
v.
Perry Mason Mines dba Luv'em Like Mines Youth Services Inc. and Pamela Michelle Mines dba Luv'em Like Mines Publishing Co.
　　　Debtors
and
Suzanne E. Wade
　　　Trustee
　　　Respondents

**<u>Consent Order Modifying Automatic Stay</u>**

Gregory N. Britto, Esquire
VSB #23476
Malcolm B. Savage, III, Esquire
VSB #91050
William M. Savage, Esquire
VSB #26155
Thomas J. Gartner, Esquire
VSB #79340
Mary F. Balthasar Lake, Esquire
VSB #34899
Renee Dyson, Esquire
VSB #93282
Nicole McKenzie, Esquire
VSB #93990
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(703) 449-5800
16-262053

This matter was before the court on August 21, 2019, on the motion of Deutsche Bank National Trust Company, as Trustee, in trust for the registered certificate holders of First Franklin Mortgage Loan Trust 2006-FF5, Mortgage Pass-Through Certificates, Series 2006-FF5, for relief from the automatic stay with respect to the real property located at 9700 LOCKBERRY RIDGE LOOP, Richmond, VA 23237 and more particularly described as follows:

> ALL that certain lot, piece or parcel of land with the improvements thereon and appurtenances thereto belonging, lying and being in Chesterfield County, Virginia, designated as Lot 23, Hollymeade, Section C, as shown on subdivision plat prepared by Balzer & Associates, Inc., Planners, Architects, Engineers & Surveyors, dated September 17, 2001, entitled "Hollymeade", Section C, recorded October 4, 2001, in the Clerk's Offices, Circuit Court, Chesterfield County, Virginia, in Plat Book 120, Page 88, to which plat reference is hereby made for a more particular description.
>
> BEING the same real estate conveyed to Perry Mines and Pamela Mines, husband and wife, as tenants by the entirety with the right of survivorship as at common law, by deed from Dean T. Patrick, dated December 15, 2002, recorded January 30,2003, in Clerk's Office, Circuit Court, Chesterfield CounTY, Virginia, in Deed Book 4889, Page 167.

Upon consideration of which, it is **ordered:**

1. The debtor will resume making regular monthly installment payments in the amount of $2,109.30 as they become due commencing on 09/01/19.

2. The debtor will cure the post-petition arrearage currently due to the movant through 08/01/19 in the total amount of $24,688.71, which includes payments from September 1, 2018 to October 1, 2018 in the amount of $2,091.99 each, payments from November 1, 2018 to August 1, 2019 in the amount of $2,096.36 each, less funds in debtor suspense in the amount of $458.87, by making the following payments:

    a.    $2,057.42  on or before 09/15/19
    b.    $2,057.39  on or before 10/15/19
    c.    $2,057.39  on or before 11/15/19
    d.    $2,057.39  on or before 12/15/19
    e.    $2,057.39  on or before 01/15/20
    f.    $2,057.39  on or before 02/15/20

  g. $2,057.39  on or before 03/15/20

  h. $2,057.39  on or before 04/15/20

  i. $2,057.39  on or before 05/15/20

  j. $2,057.39  on or before 06/15/20

  k. $2,057.39  on or before 07/15/20

  l. $2,057.39  on or before 08/15/20

3. It is further ordered and agreed that in the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

  a. That the debtor is in default in making at least one payment required under this order;
  b. The date and amount of each payment missed and any late charge or other fees necessary to cure default;
  c. The action necessary to cure the default, including any address to which payments must be mailed;
  d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
    i. Cure the default
    ii. File an objection with the court stating that no default exists; or
    iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
  e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and;
  f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may

terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms herein contained, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $100.00 for issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Aug 13 2019

Date
Bankruptcy Court

/s/ Kevin R Huennekens

The Honorable Kevin R Huennekens, U.S.

United States Bankruptcy Judge

Notice of Judgment or
Order Entered on Docket  Aug 13 2019

I ask for this:

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire

Mary F. Balthasar Lake, Esquire
Nicole McKenzie, Esquire
Counsel for Movant

Seen & Agreed:


/s Amand E. DeBerry
Amanda E. DeBerry, Boleman Law Firm, P.C., Counsel for Debtor(s)

Seen:

/s/ Suzanne E. Wade, with express permission
Suzanne E. Wade, Trustee

I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the 8th day of August, 2019.

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Nicole McKenzie, Esquire
Counsel for Movant

Copies are to be sent to:

Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

Laura Taylor Alridge
Boleman Law Firm, P.C.
PO Box 11588
Richmond, VA 23230-1588

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780

Perrry Mason Mines
9700 LOCKBERRY RIDGE LOOP
Richmond, VA 23237

Pamela Michelle Mines

9700 LOCKBERRY RIDGE LOOP
Richmond, VA 23237

**CERTIFICATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Nicole McKenzie, Esquire
Attorney for Movant

**CERTIFICATION**

Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.

/s/ Nicole McKenzie
Gregory N. Britto, Esquire
William M. Savage, Esquire
Malcolm B. Savage, III, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Nicole McKenzie, Esquire
Attorney for Movant

16-262053